## 36821. DOTSON v. LUXTRON, INC.

PER CURIAM.

After full consideration of this case, it appears that the application for writ of certiorari was improvidently granted and accordingly is dismissed.

*Dismissed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED JANUARY 27, 1981 —
REHEARING DENIED FEBRUARY 17, 1981.

*Steven J. Ross, John W. Folsom,* for appellant.
*Nall & Miller, Robert Goldstucker,* for appellee.

HILL, Presiding Justice, dissenting.

In my view it would be better to allow the plaintiff's attorney to serve the defendant where the sheriff's deputies cannot do so, than to require the plaintiff to employ a private process server to do so. An employed private process server would be an agent of the plaintiff just like plaintiff's attorney. Even a volunteer process server would be acting for the plaintiff. If employed or volunteer process servers can serve process on behalf of the plaintiff, then so can plaintiff's attorney. Any attorney who certifies that service has been perfected when it has not can be disciplined by the court and bar, whereas a private process server who falsely certifies that process has been served may disappear and thereby avoid all discipline.